# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **EDWARD LOPEZ,** | : | **MOTION TO VACATE** |
| **Movant,** | : | **28 U.S.C. § 2255** |
| | : | |
| **v.** | : | **CRIMINAL INDICTMENT NO.** |
| | : | **1:07-CR-0149-CAP-AJB-3** |
| **UNITED STATES OF AMERICA,** | : | |
| **Respondent.** | : | **CIVIL FILE NO.** |
| | : | **1:10-CV-3898-CAP-AJB** |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Attached is the Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties and upon any unrepresented parties.

Within fourteen (14) days of service of this Order, a party may file written objections, if any, to the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and Recommendation may be

adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED**, this  25th  day of ____January___, 2012.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **EDWARD LOPEZ,** | : | **MOTION TO VACATE** |
| **Movant,** | : | **28 U.S.C. § 2255** |
| | : | |
| **v.** | : | **CRIMINAL INDICTMENT NO.** |
| | : | **1:07-CR-0149-CAP-AJB-3** |
| **UNITED STATES OF AMERICA,** | : | |
| **Respondent.** | : | **CIVIL FILE NO.** |
| | : | **1:10-CV-3898-CAP-AJB** |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Movant, Edward Lopez, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence entered under the above criminal docket number. The matter is before the Court on the § 2255 motion, [Doc. 184], Respondent's response, [Doc. 196], and Movant's reply, [Doc. 201]. For the following reasons, the undersigned **RECOMMENDS** that Movant's § 2255 motion be **DENIED** and that a Certificate of Appealability not issue.

## I.    Introduction

The Grand Jury for the Northern District of Georgia indicted Movant on two counts:  Count One, conspiracy to possess with intent to distribute at least five kilograms of a mixture containing cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii), and Count Two, possessing with intent to distribute at least five

kilograms of a mixture containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(ii) and 18 U.S.C. § 2. [Doc. 11.] On March 21, 2008, represented by Stanley Baum, Movant pleaded guilty to Count One. [Doc. 97.] On October 3, 2008, the Court sentenced Movant to a 144-month term of imprisonment. [Doc. 124.] Movant appealed. [Doc. 128.] Mary Erickson represented Movant on appeal, and she filed an *Anders v. California*, 386 U.S. 738 (1967), brief and moved to withdraw. [*See* Doc. 156, Opinion.] The Eleventh Circuit granted Ms. Erickson's motion and, finding no arguable issues of merit in the record, affirmed Movant's conviction and sentence. [*Id.*] On November 30, 2009, the United States Supreme Court denied *certiorari*. *Lopez v. United States*, _ U.S. _, 130 S. Ct. 773 (2009).

On November 26, 2010, Movant filed his § 2255 motion, in which he raises three grounds for relief: (1) counsel provided ineffective assistance that rendered his guilty plea involuntary, (2) counsel provided ineffective assistance at sentencing, and (3) appellate counsel provided ineffective assistance. [Doc. 184.] The government has responded, [Doc. 196], and Movant has replied, [Doc. 201]. The matter is ready for disposition.

2

## II.    28 U.S.C. § 2255 Standard

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. Generally, "[o]nce [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). However, a constitutional claim of ineffective assistance of counsel, if not otherwise waived, is properly raised on collateral review. *Massaro v. United States*, 538 U.S. 500, 505-09 (2003).

This Court will grant a hearing on a motion to vacate unless " 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.' " *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (quoting § 2255). " 'A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the [movant's] allegations are affirmatively contradicted by the record.' " *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (quoting *Guerra v. United States*, 588 F.2d 519, 520-21 (5th Cir. 1979)). Because, as shown by the discussion below,

3

AO 72A
(Rev.8/8
2)

" 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief,' " *Gordon*, 518 F.3d at 1301, an evidentiary hearing is not warranted.

## III. <u>Discussion</u>

### A. <u>Additional Background</u>

Movant and the government entered into a plea agreement. [Doc. 97, Guilty Plea and Plea Agreement ("Agreement").] In the Agreement, Movant agreed that he was guilty of Count One and that by pleading guilty he was giving up the rights to be tried by a jury with the assistance of counsel, to be presumed innocent, to be proven guilty beyond a reasonable doubt, to subpoena witnesses to testify on his behalf, to cross-examine the witnesses against him, to object to the government's evidence and offer his own evidence, and to testify or refrain from testifying. [*Id.* ¶¶ 1, 2.] Movant agreed that he was subject to a mandatory minimum sentence of ten years (120 months) but could receive up to a maximum of life in prison. [*Id.* ¶ 3.] Movant also agreed to waive the right to appeal or collaterally attack his sentence, with exceptions that are not relevant here. [*Id.* ¶ 15.] The government, for its part, agreed (1) that it would not bring against Movant further criminal charges related to the charge in Count One, (2) that it would dismiss the remaining Count Two against Movant, and (3) that it

4

would recommend an acceptance-of-responsibility adjustment. [*Id.* ¶¶at 4-6.] The

parties agreed that if Movant failed to fulfill his obligations under the Plea Agreement,

the government would be released from its commitments under the Plea Agreement and

could then "prosecute [Movant] for any and all Federal crimes that [he] has committed

related to this case, including any charges dismissed pursuant to this Plea Agreement"

and that Movant waived "any statute of limitations defense and any constitutional or

statutory speedy trial defense to such a prosecution, except to the extent that such a

defense" existed when he signed the Plea Agreement.[1] [*Id.* ¶ 14.] Movant certified that

he had read and discussed the charges against him with his attorney; that he understood

---

[1]    The Court notes that

> Defendants can obtain concessions in exchange for their promises in plea
> agreements only if those promises are credible. A defendant . . . who
> promises not to appeal, and then appeals anyway (requiring the United
> States to invest in the appeal the prosecutorial resources it sought to
> conserve), injures other defendants who plan to keep their promises, but
> can't distinguish themselves from those who sign with their fingers
> crossed behind their backs.
>
> . . . If the defendant does not keep his promises, the prosecutor is not
> bound either. This is established for broken agreements to cooperate. A
> defendant who . . . does not carry through, forfeits the benefits of the
> agreement, and the United States is free to reinstate dismissed charges and
> continue the prosecution.

*United States v. Hare*, 269 F.3d 859, 862 (7th Cir. 2001).

AO 72A
(Rev.8/8
2)

the charges; that he had carefully reviewed the plea agreement with his attorney; and that "no one [had] threatened or forced [him] to plead guilty, and no promises or inducements [had] been made to [him] other than those discussed in the Plea Agreement." [*Id.*, Certificate.]

At the guilty plea hearing, under oath, Movant agreed that he had fully discussed the charges against him with his attorney, that no one had threatened or forced him to plead guilty and he was pleading guilty of his own free will, and that no one had advised him to tell anything less than the complete truth. [Doc. 140 at 4-5, 12-13.] The District Court explained the trial rights that Movant was giving up by pleading guilty, including the right that the government prove beyond a reasonable doubt that he was guilty as charged in the indictment, and Movant stated that he understood. [*Id.* at 5-8.] The government and the District Court reviewed the appeal rights that Movant was agreeing to waive, and Movant stated that he understood. [*Id.* at 9-11, 20.] The government stated that the elements of Count One, to which Movant was pleading guilty, were that he had conspired to possess with intent to distribute at least five kilograms of cocaine. [*Id.* at 13.] The facts supporting the charge are as follows: (1) Movant was involved in obtaining a driver for "hauling drugs," (2) Movant monitored the movement of the truck and driver (which a cooperating source identified

6

as contained 200 kilograms of cocaine) by following it through Texas, and (3) Movant remained in phone contact with the driver, giving him directions. [*Id*. at 14-18.] The District Court found that there was a factual basis for Movant's guilty plea to Count One. [*Id*. at 19.] The District Court advised Movant that he was subject to a maximum term of life imprisonment and a minimum term of ten years, and inquired whether Movant understood that the sentencing guidelines would be consulted in determining his sentence and that it was "not possible to determine exactly how the guidelines [would] apply until after a presentence report [had] been completed." [*Id*. at 19-20.] Movant stated that he understood. [*Id*.] The District Court thoroughly explained to Movant the significance of the appeal waiver and Movant stated that he understood. [*Id*. at 20.] The District Court expressed concern that there was "some hesitation" on Movant's part and then inquired whether Movant did indeed understand the appeal waiver, and Movant stated that he did. [*Id*. at 20-21.] When asked if there was anything that he wished the Court to clarify, Movant answered, "No, sir." When asked whether he had received sufficient time to think about and discuss the plea with his attorney, Movant answered, "Yes, sir." When asked whether he knew of any reason that the Court should not accept his guilty plea, Movant answered, "No, sir." [*Id*. at 22.] The District Court accepted Movant's guilty plea. [*Id*. at 22-23.]

7

AO 72A
(Rev.8/8
2)

At sentencing, the government stated that Movant had been awarded three points for acceptance of responsibility (in accord with its agreement) and that it recommended that he be sentenced at the low end of the guidelines. [Doc. 141 at 28.] The District Court determined that Movant's guidelines sentencing range was 210 to 262 months and, departing downward, sentenced him to a 144-month term of imprisonment on his Count One conviction. [*Id*. at 19, 30-32.] As agreed, the government moved to dismiss Count Two, and the District Court granted that motion. [Doc. 126.]

**B.** **Ground One**

Movant argues that his guilty plea was involuntary because of counsel's ineffective assistance. [Doc. 184, Ground 1.] Movant states that his plea was involuntary because counsel (1) did not advise him that he could plead guilty to a conditional or stipulated plea, (2) repeatedly advised him to plead guilty, (3) advised him to answer promptly the District Court's questions, (4) advised Movant that the drug quantity would be settled at sentencing but then failed to argue the matter properly at sentencing, (5) did not advise him of the advantages/disadvantages of pleading guilty, (6) did not advise him of the advantages/disadvantages of waiving his appeal rights and did not ensure that he understood his appeal waiver, (7) failed to ensure that Movant understood the nature of the charge to which he was pleading guilty and that he was

8

pleading guilty to a conspiracy involving 200 kilograms of cocaine, (8) failed to argue that Movant had not wanted to have "any part" with drugs, (9) never advised Movant that the government would have to prove that the conspiracy involved at least five kilograms of cocaine, and (10) failed to explain to him that he would be subject to a leadership-role sentencing enhancement.[2] [*Id.*, Ground One at 1-3, Ground 2 at 2, and Declaration ¶ 7.] Movant contends that counsel's actions affected the outcome of the case. [*Id.*, Ground One at 3-4 and Declaration ¶ 7.]

The government argues, among other things, that Movant's claims are foreclosed by his valid appeal waiver and that his guilty plea was voluntary.[3] [Doc. 196 at 13-18.] Movant replies that his appeal waiver does not foreclose his claim that his plea and waiver were involuntary.[4] [Doc. 201 at 8-25.] In further support of his claims, Movant

_____

[2]    Movant argues in Ground Two that the failure to explain the leadership-role enhancement affected the voluntary nature of his plea. [Doc. 184, Ground Two at 2.]

[3]    The government also argues that the Eleventh Circuit's finding that Movant's direct appeal had no merit forecloses Movant's collateral attack. [Doc. 196 at 11-12.] The Court, however, agrees with Movant, [Doc. 201 at 5-7], that ineffective assistance of counsel claims generally are cognizable in collateral proceedings, unless they are barred by a valid appeal waiver, as discussed further below. *See Massaro*, 538 U.S. at 505-09.

[4]    Movant's argument, [Doc. 201 at 25-26], in reliance on *United States v. Raynor*, 989 F. Supp. 43, 49 (D.D.C. 1997) (declining to accept appeal waiver on the

9

argues that counsel told him to answer yes to all of the Court's questions and induced him to plead guilty by leading him to believe that he would not be subject to a leadership-role enhancement, that the ten-year minimum would not apply (i.e., that the safety valve would apply),[5] and that drug quantity would be decided favorably for Movant at sentencing. [*Id*. at 17-25.] Movant (1) asserts that, after so inducing him, counsel failed at sentencing to adequately argue drug quantity, leadership-role enhancement, or application of the safety valve and (2) contends that had he known that counsel would fail to present adequate argument at sentencing on these matters, he would not have pleaded guilty but would have gone to trial. [*Id*. at 25, 37, 42, 45.] Movant also indicates that had he known that he could have sought a plea agreement that stipulated against a leadership-role enhancement and stipulated to drug quantity (a conditional plea agreement), he would not have entered into the plea agreement to which he now is subject. [*Id*. at 16, 46-47.]

_____

ground that "[a] defendant cannot knowingly, intelligently and voluntarily give up the right to appeal a sentence that has not yet been imposed"), is unpersuasive. *See United States v. Smith*, 654 F.3d 1263, 1266 n.1 (11th Cir. 2011) ("Sentence appeal waivers serve interests of the judiciary as well as interests of the government and defendants.").

[5] A district court may sentence a defendant below the mandatory minimum sentence if the defendant satisfies the safety-valve requirements under 18 U.S.C. § 3553(f) (requiring, among other things, that the defendant not be an organizer, leader, manager, or supervisor of others in the offense).

10

A criminal defendant possesses a Sixth Amendment right to "reasonably effective" legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show constitutionally ineffective assistance of counsel, a movant must establish that (1) counsel's representation was deficient and (2) counsel's deficient representation prejudiced him. *Id*. at 690-92. The Court may resolve an ineffective assistance claim based on either of the above prongs. *Bottoson v. Moore*, 234 F.3d 526, 532 (11th Cir. 2000). Under the first prong, a movant must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Under the second prong, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. A movant has the burden of affirmatively proving prejudice, and a "conceivable effect" on the proceedings does not show prejudice. *Gilreath v. Head*, 234 F.3d 547, 551 (11th Cir. 2000).

To succeed on a claim that a guilty plea was obtained as the result of ineffective assistance of counsel, a movant must show that the advice he received from counsel "fell below an objective standard of reasonableness" and "that there is a reasonable

11

probability that, but for unprofessional counsel's errors," "he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 57, 59 (1985). "The Court allows only challenges to the voluntary and intelligent entry of the plea if a convicted defendant can prove 'serious derelictions' in his counsel's advice regarding the plea." *Stano v. Dugger*, 921 F.2d 1125, 1150-51 (11th Cir. 1991) (quoting *McMann v. Richardson*, 397 U.S. 759, 744 (1970)). The Supreme Court has stated that:

> [T]he representations of the defendant, his lawyer, and the prosecutor at [a guilty plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). A movant's "bare allegation" that he would not have pleaded guilty is insufficient to establish prejudice. *Roach v. Roberts*, 373 Fed. Appx. 983, 985 (11th Cir. Apr. 20, 2010); *United States v. Campbell*, 778 F.2d 764, 768 (11th Cir. 1985), *abrogated on other grounds*, *Padilla v. Kentucky*, _ U.S. _, 130 S. Ct. 1473 (2010). Further, an appeal waiver is enforceable when the district court has "specifically questioned [the defendant] during the plea colloquy about the appeal waiver, adequately explained the significance of the appeal waiver, and confirmed that [the defendant] understood the full significance of the

12

appeal waiver." *United States v. Smith*, 654 F.3d 1263, 1265 (11th Cir. 2011) (quoting *United States v. Grinard–Henry*, 399 F.3d 1294, 1296-97 (11th Cir. 2005)). As discussed below on each of Movant's claims, he fails to show that his guilty plea (and included appeal waiver) was involuntary based on ineffective assistance of counsel.

1.    **Claim One**

Movant's claim regarding counsel's failure to advise him regarding a conditional or stipulated plea fails because Movant does not show prejudice on the claim. There is no indication that such a plea agreement with the government was an available possibility. Additionally, by pleading guilty, Movant, among other things, obtained the dismissal of Count Two, the government's promise to forgo bringing further criminal charges against him in relation to Count One, and the government's agreement to recommend that Movant receive an acceptance of responsibility adjustment to the sentencing guidelines. Those significant benefits weigh against Movant's conclusory assertion that, had he received different advice from counsel regarding the hypothetical possibility of a stipulated plea, there was a reasonable probability that he would not have pleaded guilty but would have proceeded to trial on both Counts One and Two.

AO 72A
(Rev.8/8
2)

### 2. Claims Two and Three

Counsel's repeated advice to plead guilty was not unreasonable (and certainly was not a serious dereliction of counsel's duties) when Movant received significant benefits from pleading guilty. To the extent Movant is inferring that counsel coerced him, such a claim is contradicted by the record. Movant affirmatively stated both in the Certificate to his Plea Agreement and during the plea hearing that he had not been forced or induced to plead guilty and that he was pleading guilty of his own free will. [*See* Doc. 97, Certificate; Doc. 140 at 5, 12.] Counsel's advice that Movant answer the Court's questions promptly also was not unreasonable. Further, Movant's assertion in his reply that counsel told him to answer yes to all the Court's questions (inferring that he was to answer yes without regard to the truth) is contradicted by the record. Movant affirmatively stated on the record that he had not been advised to tell anything other than the complete truth. [*See* Doc. 140 at 13.]

### 3. Claims Four and Ten

Movant's claim that counsel induced him to plead guilty by leading him to believe he would receive a more favorable sentence and his claim that he would not have pleaded guilty but would have gone to trial if he had known that counsel would fail to present adequate argument at sentencing fail because they also are contradicted

14

by the record.  In his plea, Movant agreed that he was subject to a mandatory minimum sentence of ten years (120 months) and could receive up to a maximum of life in prison. [Doc. 97, Agreement ¶ 3.]  Further, Movant certified that "no one [had] threatened or forced [him] to plead guilty, and no promises or inducements [had] been made to [him] other than those discussed in the Plea Agreement."  [*Id.*, Certificate.]  Movant also told the Court, under oath, that he understood that the sentencing guidelines would be consulted in determining his sentence and that it was "not possible to determine exactly how the guidelines [would] apply until after a presentence report [had] been completed."  [Doc. 140 at 19-20.]

### 3.    Claims Five and Six

Movant's contentions that counsel did not advise him of the advantages/disadvantages of pleading guilty and waiving his appeal rights and that counsel did not ensure that he understood his appeal waiver likewise fail because they are contradicted by the record.  Movant certified that he had discussed the plea agreement and waiver with counsel, the Court fully went over both matters with Movant, and Movant affirmatively stated to the Court that he had discussed matters fully with counsel and that he understood.  [*See* Doc. 97, Certificate; Doc. 140 at 4-18, 20, 22.]  Further, after the Court thoroughly explained the significance of the appeal

15

waiver to Movant and Movant stated he understood, and the Court sensed some

hesitation on Movant's part, the Court took the time to confirm that Movant understood

the full significance of the waiver. [Doc. No. 140 at 20-21].

### 4.    <u>Claim Seven and Nine</u>

Movant's claims that counsel did not properly advise him regarding the nature

of the charges against him, did not advise him that he was pleading guilty to a

conspiracy involving 200 kilograms of cocaine, and did not advise him that the

government would have to prove that the conspiracy involved at least five kilograms

of cocaine fail because they are contradicted by the record. Movant did not plead guilty

to a conspiracy involving 200 kilograms of cocaine. Movant pleaded guilty to a

conspiracy under Count One, which states that the conspiracy involved at least five

kilograms of cocaine. Movant agreed that he was guilty on Count One and that by

pleading guilty he was giving up the right to have that charge be proven beyond a

reasonable doubt, and he certified that he had read and discussed the charges against

him with his attorney and that he understood the charges. [*See* Doc. 11; Doc. 97,

Agreement ¶¶ 1, 2 and Certificate.] Further, at the plea hearing Movant agreed that he

had fully discussed with counsel the charges against him and agreed that he understood

the government would be required to prove the charges against him beyond a reasonable doubt should the case go to trial. [*See* Doc. 140 at 4, 6-7.]

### 5. <u>Claim Eight</u>

Counsel did not perform unreasonably by failing to argue that Movant had not wanted to have "any part" with drugs. Counsel and Movant adequately explained to the Court that Movant did not himself want to transport drugs because it was not his nature but that he had obtained the driver for what he knew was drug transportation. [*See id*. at 15-17.] The Court determined that those facts provided a sufficient factual basis for Movant's guilty plea.

### B. <u>Ground Two</u>

Movant asserts that counsel was ineffective at sentencing for withdrawing the objection to the drug amount attributed to Movant and for failing to properly argue that the leadership-role sentencing enhancement should not be applied to him (which foreclosed application of the safety valve and a minor role reduction). [Doc. 184, Ground 1 at 3 and Ground 2 at 1-2; Doc. No. 201 at 27-45.] Movant has not shown that his guilty plea and appeal waiver were involuntary, and Ground Two – to the extent it claims ineffective assistance of counsel at sentencing, as a matter independent from the voluntary nature of Movant's plea – fails because it is barred by the appeal waiver. *See*

17

*Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) (holding that a valid appeal waiver bars § 2255 claims that counsel was ineffective at sentencing).

**C.**  **Ground Three**

Movant argues that appellate counsel provided ineffective assistance because she failed to adequately consult with him and contends, without explanation, that if the appellate court had received a reasonable direct appeal, his appeal "may have had a more favorable outcome." [Doc. 184, Ground 3 at 1-2.]

"The standards applicable to [a movant's] claims of ineffectiveness against trial counsel apply equally to the charges leveled against his appellate lawyer. To prevail, [a movant] must demonstrate both that his appellate counsel's performance fell below reasonable professional standards and that he was prejudiced by his attorney's substandard performance." *Johnson v. Alabama*, 256 F.3d 1156, 1187 (11th Cir. 2001) (citations omitted). Absent a showing "regarding the effect, if any, that a different [appellate] brief would have had on the outcome of proceedings," under *Strickland*, there is no ineffective assistance of appellate counsel. *Id*. at 1188.

Ground Three fails because Movant makes no showing regarding the effect that a different appellate brief would have had on appeal.

18

AO 72A
(Rev.8/8
2)

## IV. Certificate of Appealability ("COA")

Under Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy that standard, an applicant must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Lott v. Attorney Gen.*, 594 F.3d 1296, 1301 (11th Cir. 2010) (internal quotation marks omitted) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)).

It is **RECOMMENDED** that a COA is unwarranted because it is not debatable (1) that Movant's claims of ineffective assistance of counsel fail to show that his guilty plea and appeal waiver are invalid, (2) that his claims of ineffective assistance of counsel at sentencing are barred by the appeal waiver, and (3) that he has not shown ineffective assistance by appellate counsel. If the Court adopts this recommendation and denies a COA, the parties are advised that they "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate

19

AO 72A
(Rev.8/8
2)

Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

**V.**     <u>**Conclusion**</u>

For the foregoing reasons, **IT IS RECOMMENDED** that Movant's 28 U.S.C. § 2255 motion, [Doc. 184], be **DENIED**. It is **FURTHER RECOMMENDED** that a COA not be issued.

The Clerk is **DIRECTED** to terminate the referral to the undersigned Magistrate Judge.

**IT SO RECOMMENDED and DIRECTED**, this  <u>25th</u>  day of  <u>January</u> , 2012.

 

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/8
2)